IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Civil Action No.** |
| **$54,615 U.S. CURRENCY** | : | |

: : : : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Christen A. Sproule, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant is $54,615 in U.S. Currency.

3. The defendant property was seized on or about May 8, 2012, from a gold Lexus IS250 bearing Maryland registration 9MD6086, occupied by Chamron Thach, Son Thanh Nguyen, and Thetu Phan, at 7-Eleven, 11422 Cherry Hill Road, Beltsville, Prince George's County, incident to arrest in the State and District of Maryland.

4. Since seizure, the defendant property has been and presently is in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. §881(a)(6).

6. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6) because it is money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

9. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Maria Pena of the Drug Enforcement Administration, which is incorporated herein by reference.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that a Warrant of Arrest *in rem* be issued to the U.S. Marshal Service commanding the arrest of the defendant property; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal

dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: /s/ Christen A. Sproule
Christen A. Sproule
Assistant United States Attorney
400 United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
301-344-4433

## VERIFICATION

I, Christen A. Sproule, declare under penalty of perjury as provided by 28 U.S.C. §1746, that the foregoing Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration, and that everything contained therein is true and correct to the best of my knowledge and belief.

November 28, 2012
Date

/s/ Christen A. Sproule
Christen A. Sproule
Assistant United States Attorney

**DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of the seizure of **$54,615.00 in United States Currency (Asset ID# 12-DEA-558845).** The currency was seized from Chamron Thach, Son Thanh Nguyen, and Thetu Phan.

I, Maria E. Pena, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support and reasonable belief that the $54,615.00 in U.S. Currency, was derived/purchased with proceeds from the cultivation, possession and distribution of Controlled and Dangerous substance in violation of 21 U.S.C. § 841, and is, therefore, forfeitable to the United States of America pursuant to 21 U.S.C. section 881(a) (6).

a. On May 08, 2012, an Officer from the Prince Georges County Police Department was patrolling the area of 11422 Cherry Hill Road, Beltsville, Prince George's County, Maryland. The Officer observed a gold Lexus IS250 bearing Maryland registration "9MD6086" occupied with three subjects. The Lexus was parked in the handicap parking space at the 7-Eleven without a handicap plate or placard hanging from the rear view mirror.

b. The driver, later identified as Chamron Thach, was in control of the Lexus. The front seat passenger was later identified as Son Thanh Nguyen and the rear passenger was later identified as Thetu Phan.

c. The Officer approached the listed vehicle and while speaking with Thach about the parking violation, detected a strong odor of what the Officer recognized from training and

experience as unburned marijuana emitting from within the vehicle. All three subjects were asked to exit the vehicle.

    d.    The Officer spoke with Thach and notified him of the odor of suspected marijuana. Thach advised the Officer that he had a "little bud inside the trunk." A search of the Lexus revealed a clear baggie containing a green leafy substance which appeared to be suspected marijuana, inside the trunk. The suspected marijuana was later field tested as positive for marijuana with a weight of 8 grams and a street value of $160.00.

    e.    Located inside the trunk near the suspected marijuana was a "Crown Royal" bag containing $11,980.00 U.S. Currency, as well as, a black laptop bag containing $35,680.00 U.S. Currency. Further search and inventory of the Lexus revealed additional currency in various envelopes within the passenger compartment totaling $5,455.00 U.S. Currency. An additional $1,500.00 U.S. Currency was also found within the glove compartment of the Lexus. The total amount seized was $54,615.00 U.S. Currency (Asset ID# 12-DEA-568451).

    f.    Thach, Nguyen and Phan were arrested and the Officer notified the Narcotic Enforcement Division of his investigation. The Officer noted that the location of incident has been plagued with drug related distribution crimes and spoke with a Detective who responded to assist.

    g.    Further investigation by the PFC revealed that Thach is currently on probation until September 06, 2014, for a previous charge of Possession of Marijuana in Harford County

Maryland (Case Number#3R00083 142). The Lexus was impounded pending further investigation and the Detective assumed temporary custody of the currency.

      h.     May 14, 2012, this Investigator requested a canine drug scan of the currency. A second Detective observed his K-9 alerting and indicating upon the secreted currency for the presence of a Controlled Dangerous Substance. A copy of the second Detective's report is within the case file.

- $35,680.00 U.S. Currency from within the "Incase" laptop bag tested positive for the presence of cocaine.

- $11,980.00 U.S. Currency from within the Crown Royal bag tested positive for the presence of cocaine.

- $5,455.00 U.S. Currency from within the passenger compartment of the Lexus tested positive for the presence of cocaine.

- $1,500.00 U.S. Currency from within the glove compartment of the Lexus did not result in a positive indication for the presence of a controlled dangerous substance.

      i.     On May 14, 2012, this Investigator requested wage information from the Maryland Department of Labor, Licensing, Regulation and Wage Records Section for each of the Defendants The response indicates earnings for Thach during 2010 totaling $22,938.00. This is consistent with copies of W-2's recovered from within Thach's Lexus. No other income was

immediately identified for Thach during 2011 or 2012, year to date. Reported earnings for Phan during 2011 total $20,122.00. No wage information was identified for Nguyen.

j. The Investigator contacted the Officer to obtain additional information regarding events surrounding the initial interaction with Thach. The Officer related that Thach had implied to him that he, the Defendant, was the owner of a gas station and that the business made most of its money from the sale of soda and items from within the store.

k. The Defendant would not elaborate further on details regarding the gas station to the Officer. the first Detective attempted to further interview Thach, as well as, the co-defendants, with limited success. The Detective related to the Investigator that Thach had stated the currency was intended for the purchase of a tanker load of gasoline further indicating an affiliation to the yet unidentified gas station. No additional details were offered from Thach, or the co-defendants.

l. This Investigator reviewed various documents recovered from within the Lexus, to include; Bank of America deposit slips, statement(s) and a business card for Leas Auto Services, LLC. Maryland Department of Assessments and Taxation identify Leas Auto Services, LLC at 1001 Joppa Farm Road, Joppa town, Maryland. The registered agent is John Saravuth Leas. Thach's name does not appear in these records.

m. Through his Investigation the Detective was able to identify several Currency Transaction Reports associated with Leas Auto Services, LLC. Noted on August 12, 2011, was a

currency transaction report Identifying Thach for a $10,605.00 "Cash In" transaction with Bank of America. The Investigator contacted an agent With Bank of America and learned that Thach is listed as a signer on a business account for Leas Auto Services, LLC.

n. On June 4, 2012, investigators responded to the area of 1001 Joppa Farm Road and conducted a surveillance of Leas Auto Services, LLC. This Investigators presented identification and requested to speak privately with the owner, confirming his identity as John Saravuth Leas. NOTE: this interview was conducted almost a month after the seizure took place.

o. The Investigators explained that Thach had recently been interviewed by a member of the Prince George's County Police Department and during that time, Thach indicated ownership of a gas station. John Leas was asked to verify if Thach was affiliated with the service station or explain what relationship Thach may have with the establishment. John Leas agreed to the interview. Note: The specific circumstances surrounding Thach's interaction with the Officer were not revealed to Leas.

p. The Investigator noted that Leas never asked if Thach had been arrested, what type of interaction Thach had with the police officer which lead to an interview, nor any inquiries regarding the currency, in excess of $54,000.00, that had been seized from Thach.

q. Leas related that Thach is known to him through family members and sometimes helps at the service station as Leas is attempting to train Thach as a mechanic. When asked how

many hours per week, on average, Thach works at the service station, Leas seemed uncertain and replied, "2-3 times per week, sometimes, a few hours a day". Leas said when Thach helps, he is paid in cash, "maybe, $40.00 to $50.00 per day, tops". This information is contradictory to the image painted by Thach during his arrest for marijuana violations.

r. Leas further stated that he purchased the service station three (3) years ago and business is slow. Leas also interjected that if they do not make money, meaning the service station, he does not pay. This information was in response as confirmation that Thach is not a salary employee.

s. Leas elaborated that Thach is not a partial owner of the business and Thach is not authorized to conduct business transactions on his behalf. Leas stated that Thach would like to buy into the business at some time in the future. This Investigator notes this as a significant inconsistency, being aware that Thach is authorized on the Bank of America business account for Leas Auto Services, LLC. Again, this Investigator noted that Leas still had not inquired about the seized currency which Thach initially stated was proceeds from sales at the then unidentified service station.

t. As part of the investigation, a Court Order for the production of tax records for Thach was obtained. On June 04, 2012, the Maryland Comptroller's Office responded. Records indicate filings by Thach for 2009 with income totaling $35,022.00. Tax records for income filed during 2010 totaled $22.893.00. No filings were found for tax year 2011. Neither tax filings are from income derived from Leas Auto Services, LLC.

u.  A copy of an operating agreement dated for June 27, 2011 was made part of the claim filed by Kush Arora, Esquire on behalf of Leas Auto Services, LLC, John Leas, Ratana Chorn and Chamron Thach. The agreement, attachment 1 Part 2 indicates that Leas Auto Services L.L.C., member's capital accounts contribution from Thach to have been $165,002.50. Thach's did not have any reported tax filling for 2011. Thach's filing for 2009 and 2010 has a total of just over $55,000.00.

v.  A query of criminal indices databases and it revealed that Thach has been charged with marijuana violations in New Jersey and Maryland during 2007. A criminal record for Thach during 2010, for marijuana violations was also located for Harford County, Maryland. The Investigator contacted a DFC, of the Harford County Police Department, and learned that Thach's marijuana possession resulted in charges filed via a criminal summons. The non-custodial arrest occurred at 1001 Joppa Farm Road, upon the parking lot, after business hours, at Leas Auto Services, LLC.

w.  Criminal indices also reveal that co-defendant Phan was charged in New Jersey during 2007 for marijuana violations. Co-defendant Nguyen has criminal offenses for assault, battery, malicious destruction of property and disorderly conduct. Copies of the criminal records are within the case file and detailed within the Report of Investigation.

x.  Based on a lack of known legitimate income combined with multiple marijuana related offenses, to include; the presence of cocaine upon the seized currency, indicate illicit activity and suspected drug proceeds. Additionally, the surveillances at Joppa Farm Road and

interview of John Leas indicate that an insufficient amount of business is being conducted at Leas Auto Services, LLC to generate the amount of currency seized from Thach, as business profits. The Investigator noted that Leas was also deceptive regarding the relationship of Thach and Leas did not make any inquiries of the currency or indicate that the seized currency was his property or proceeds from the business almost a month after the seizure.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE PRINCE GEORGE'S COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $54,615.00 IN U.S. CURRENCY FROM CHAMRON THACH, SON THANH NGUYEN, and THETU PHAN ARE ACCURATE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF.

Maria E. Pena, Task Force Officer
Drug Enforcement Administration